19-1563-cv
*Wholean v. CSEA SEIU Local 2001*

# In the
# United States Court of Appeals
## for the Second Circuit

———————

AUGUST TERM 2019

No. 19-1563-cv

KIERNAN J. WHOLEAN AND JAMES A. GRILLO,
*Plaintiffs-Appellants,*

LAKEISHA CHRISTOPHER,
*Plaintiff,*

v.

CSEA SEIU LOCAL 2001; BENJAMIN BARNES, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF THE OFFICE OF POLICY AND MANAGEMENT, STATE OF
CONNECTICUT; SANDRA FAE BROWN-BREWTON, IN HER OFFICIAL
CAPACITY AS UNDERSECRETARY OF LABOR RELATIONS, STATE OF
CONNECTICUT; ROBERT KLEE, IN HIS OFFICIAL CAPACITY AS
COMMISSIONER OF THE DEPARTMENT OF ENERGY AND ENVIRONMENTAL
PROTECTION, STATE OF CONNECTICUT,
*Defendants-Appellees,*

KEVIN LEMBO, IN HIS OFFICIAL CAPACITY AS COMPTROLLER, STATE OF
CONNECTICUT,
*Defendant.*

———————

On Appeal from the United States District Court
for the District of Connecticut

———————

ARGUED: DECEMBER 12, 2019
DECIDED: APRIL 15, 2020

———————

Before: CABRANES and LOHIER, *Circuit Judges*, and REISS, *District Judge*.[*]

———————

In this appeal, Plaintiffs-Appellants Kiernan J. Wholean and James A. Grillo contend that the United States District Court for the District of Connecticut (Eginton, J.) improperly dismissed their First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 to obtain repayment of fair-share union fees collected pursuant to controlling precedent. Because we hold that a good-faith defense applies to Appellees' collection of fair-share union fees, we **AFFIRM** the District Court's dismissal of Appellants' Second Amended Complaint.

———————

JEFFREY D. JENNINGS (Milton L. Chappell, *on the brief*), National Right to Work Legal

[*] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

Defense and Education Foundation, Inc., Springfield, VA, *for Plaintiffs-Appellants*.

SCOTT A. KRONLAND (P. Casey Pitts, Altshuler Berzon LLP, San Francisco, CA; Daniel E. Livingston, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Hartford, CT, *on the brief*), Altshuler Berzon LLP, San Francisco, CA, *for Defendant-Appellee CSEA SEIU Local 2001*.

CLARE KINDALL, Solicitor General (Philip Miller, Assistant Attorney General, *on the brief*), *for* William Tong, Connecticut Attorney General, *for State Defendants-Appellees*.

———————

CHRISTINA REISS, *District Judge*:

Plaintiffs-Appellants Kiernan J. Wholean and James A. Grillo contend that the United States District Court for the District of Connecticut (Eginton, J.) improperly dismissed their First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 against Defendants-Appellees CSEA SEIU Local 2001 ("Local 2001"); Benjamin Barnes, Secretary of the Office of Policy and Management for the State of Connecticut; Sandra Fae Brown-Brewton, Undersecretary of Labor Relations for the State of Connecticut; and Robert Klee,

3

Commissioner of the Department of Energy and Environmental Protection for the State of Connecticut (collectively, "Appellees"). We hold that a good-faith defense applies to Appellees' collection of fair-share union fees from Appellants and therefore AFFIRM the District Court's dismissal of Appellants' Second Amended Complaint.

## I. BACKGROUND

Appellants Kiernan J. Wholean and James A. Grillo are employees of the State of Connecticut. Appellee Local 2001 is a union that represents State of Connecticut employees. The remaining Appellees are State of Connecticut officials.[1]

On June 13, 2018, Appellants, who are not members of Local 2001, filed a Complaint against Appellees, asserting that they were forced to pay fair-share union fees to Local 2001 as a condition of their employment in violation of the First Amendment to the United States Constitution. Appellees admit that they collected fair-share fees from Appellants, but contend they were entitled to do so under applicable law. During the pendency of Appellants' lawsuit, the United States Supreme Court decided *Janus v. American Federation of State, County, and Municipal Employees ("AFSCME"), Council 31*, 138 S. Ct. 2448 (2018) wherein it overruled *Abood v. Detroit Board of Education*, 431 U.S. 209

[1] Although Appellants appealed the entirety of the District Court's decision and judgment in their notice of appeal, in their brief they abandon their appeal of the District Court's dismissal of their claims against the State of Connecticut officials. *See* Appellants' Br. at 3 n.1 ("[Appellants] also sued certain officials of the Connecticut state government but they do not appeal the [D]istrict [C]ourt's dismissal of their claims against the State Defendants.").

4

(1977), to hold that the collection of fair-share fees from public-sector employees violated the First Amendment because they "forced [non-members] to subsidize a union, even if they choose not to join and strongly object to the positions the union takes in collective bargaining and related activities," thereby "compelling them to subsidize private speech on matters of substantial public concern." *Id.* at 2459-60.

After *Janus* was decided, Appellees ceased deducting fair-share fees from Appellants' pay and refunded any such fees collected post-*Janus*. Thereafter, Appellants amended their Complaint to seek the return pursuant to 42 U.S.C. § 1983 of all fair-share fees collected by Appellees pre-*Janus* allegedly in violation of the First and Fourteenth Amendments to the United States Constitution.

On October 1, 2018, Appellees moved to dismiss the First Amended Complaint, asserting a good-faith defense based upon their compliance with Conn. Gen. Stat. § 5-280 (authorizing, among other things, the collection of fair-share fees from non-members) and directly controlling Supreme Court precedent that rendered the collection of fair-share fees from non-consenting, non-waiving, non-member public-sector employees lawful. *See Abood*, 431 U.S. at 235-36. While the motion to dismiss was pending, Appellants filed a Second Amended Complaint.

On April 26, 2019, the District Court dismissed the Second Amended Complaint, finding Appellants' claims for declaratory judgment and injunctive relief were moot based on *Janus*. With regard to Appellants' assertion that Local 2001 continued to violate the First

5

and Fourteenth Amendments by retaining pre-*Janus* fees, the District Court concluded those claims were barred by the defense of good-faith adherence to existing precedent.

## II. DISCUSSION

The Second Circuit reviews a district court's dismissal of a complaint *de novo* using the same standard employed by the district court. *See Purcell v. N.Y. Inst. of Tech. – Coll. of Osteopathic Med.*, 931 F.3d 59, 62 (2d Cir. 2019). Appellants urge this court to reverse on two grounds.

First, Appellants contend that 42 U.S.C. § 1983 does not recognize a good-faith defense beyond qualified immunity. They assert one cannot be implied because a First Amendment violation does not turn on a violator's motive and there is no analogous common law tort from which a good-faith defense may be extrapolated. Second, Appellants urge this court to find that Appellees should have anticipated *Janus* and ceased collecting fair-share fees on that basis.

We hold that a party who complied with directly controlling Supreme Court precedent in collecting fair-share fees cannot be held liable for monetary damages under § 1983. In so holding, we do not write on a blank slate. The Supreme Court in *Wyatt v. Cole*, 504 U.S. 158, 168 (1992), observed that "principles of equality and fairness may suggest . . . that private citizens who rely unsuspectingly on state laws they did not create and may have no reason to believe are invalid should have some protection from liability, as do their government counterparts." Although the Court ultimately held that private

6

defendants are not entitled to qualified immunity, the Court refused to "foreclose the possibility that private defendants faced with § 1983 liability . . . could be entitled to an affirmative defense based on good faith and/or probable cause." *Id.* at 169; *see also id.* at 168 (noting that the interests underlying a good-faith defense "are not sufficiently similar to the traditional purposes of qualified immunity to justify such an expansion" of immunity to private parties). Indeed, in *Wyatt*, several Justices opined that a good-faith defense for private individuals who rely on precedent has always existed. *See id.* at 174 (Kennedy, J., concurring) (joined by Justice Scalia in finding "support in the common law for the proposition that a private individual's reliance on a statute, prior to a judicial determination of unconstitutionality, is considered reasonable as a matter of law"); *id.* at 176 (Rehnquist, J., dissenting) (joined by Justices Souter and Thomas in stating "it is clear that at the time § 1983 was adopted, there generally was available to private parties a good-faith defense to the torts of malicious prosecution and abuse of process") (footnote omitted).

Since *Wyatt*, every Circuit Court of Appeals to have considered the question has held that a good-faith defense exists under § 1983 for private individuals and entities acting under the color of state law who comply with applicable law, including three circuits who have concluded that a good-faith defense is available to unions that relied on *Abood* and applicable state law in collecting fair-share fees prior to

7

*Janus*.[2]

Consistent with *Wyatt*, a 2016 panel of this court found "a good faith defense was available to a private defendant sued under § 1983 for a First Amendment violation." *Jarvis v. Cuomo*, 660 F. App'x 72, 75

[2] *See, e.g., Ogle v. Ohio Civil Serv. Emps. Ass'n*, 951 F.3d 794, 797 (6th Cir. 2020) ("A narrow good-faith defense protects those who unwittingly cross that line in reliance on a presumptively valid state law—those who had good cause in other words to call on the governmental process in the first instance."); *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 390-91 (6th Cir. 2020) ("[A] consensus has emerged among the lower courts that while a private party acting under color of state law does not enjoy qualified immunity from suit, it is entitled to raise a good-faith defense to liability under section 1983 [including for pre-*Janus* collection of fair-share fees.] . . . We now add our voice to that chorus.") (citations and internal quotation marks omitted); *Danielson v. Inslee*, 945 F.3d 1096, 1097 (9th Cir. 2019) ("[j]oining a growing consensus" following *Janus* in holding that "private parties may invoke an affirmative defense of good faith to retrospective monetary liability under 42 U.S.C. § 1983, where they acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law"); *Janus v. AFSCME*, 942 F.3d 352, 366 (7th Cir. 2019) (holding on remand that until the Supreme Court "said otherwise, AFSCME had a legal right to receive and spend fair-share fees collected from nonmembers as long as it complied with state law and the *Abood* line of cases. It did not demonstrate bad faith when it followed these rules"); *Clement v. City of Glendale*, 518 F.3d 1090, 1097 (9th Cir. 2008) (holding that a towing company was entitled to assert a good-faith defense to a Fourteenth Amendment due process claim based on the lack of notice to a towed vehicle's owner because "[t]he company did its best to follow the law and had no reason to suspect that there would be a constitutional challenge to its actions"); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1276 (3d Cir. 1994) (recognizing a good-faith defense under § 1983 for due process deprivations); *Wyatt v. Cole*, 994 F.2d 1113, 1120 (5th Cir. 1993), *cert. denied*, 510 U.S. 977 (1993) (on remand from the Supreme Court, holding that "private defendants, at least those invoking ex parte prejudgment statutes, should not be held liable under § 1983 absent a showing of malice and evidence that they either knew or should have known of the statute's constitutional infirmity").

8

(2d Cir. 2016), *cert. denied*, 137 S. Ct. 1204 (2017).  In *Jarvis*, the lack of a scienter element for a First Amendment violation did not defeat the recognition of a good-faith defense because "unlike standard defenses, affirmative defenses need not relate to or rebut specific elements of an underlying claim."  *Id.* (citing Black's Law Dictionary 482 (9th ed. 2009)).  We find *Jarvis* well-reasoned.  Because Appellees collected fair-share fees in reliance on directly controlling Supreme Court precedent and then-valid state statutes, their reliance was objectively reasonable, and they are entitled to a "good-faith" defense as a matter of law.  *See Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996) ("There is common law authority that it is objectively reasonable to act on the basis of a statute not yet held invalid."); *Jarvis*, 660 F. App'x at 76 (affirming the district court's application of the good-faith defense because "CSEA relied on a validly enacted state law and the controlling weight of Supreme Court precedent," and thus it was "objectively reasonable for CSEA 'to act on the basis of a statute not yet held invalid'") (quoting *Pinsky*, 79 F.3d at 313).

In finding a good-faith defense, we note that nothing in *Janus* suggests that the Supreme Court intended its ruling to be retroactive.  Indeed, the *Janus* Court held that "States and public-sector unions *may no longer* extract agency fees from nonconsenting employees," *Janus*, 138 S. Ct. at 2486 (emphasis supplied), and the Supreme Court reversed and remanded for further proceedings rather than apply its new rule to the parties before it.  *Cf. Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 90 (1993) (holding that the Supreme Court's "application of a rule of federal law to the parties before the Court requires every court

9

to give retroactive effect to that decision"). Even if the retroactivity of *Janus* is presumed, no different outcome is warranted. A good-faith defense would still preclude the relief Appellants seek.

Contrary to Appellants' second argument on appeal, Appellees cannot reasonably be deemed to have forecasted whether, when, and how *Abood* might be overruled. Instead, they were entitled to rely on directly controlling Supreme Court precedent, and in good faith, they did so. *See Agostini v. Felton*, 521 U.S. 203, 207 (1997) (holding that courts, and by extension citizens, should "follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions").

## III. CONCLUSION

We have reviewed all of the remaining arguments raised by Appellants on appeal and find them without merit. For the foregoing reasons, we **AFFIRM** the April 29, 2019 judgment of the District Court.